**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN ANDREW BRICKELL,**

      **Plaintiff,**

**VS.**                                                    **Case No. 4:16cv185-MW/CAS**

**OFFICER J. WALLACE,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, has been granted leave to proceed in forma pauperis in a separate Order entered this day.  As Plaintiff has not been required to submit an initial partial filing fee, the civil rights complaint filed under 42 U.S.C. § 1983, ECF No. 1, has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's complaint does not present his factual allegations in short, numbered paragraphs as is required by Rule 10(b), and as instructed on the complaint form.  *See* ECF No. 1.  Pursuant to Federal Rule of Civil Procedure 10(b), all statements shall be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R.

CIV. P. 10(b).  Nevertheless, there is no need to extend an opportunity to

Plaintiff to submit an amended complaint because the factual basis for this

case is insufficient to state a claim upon which relief may be granted.

Plaintiff alleges that when Defendant Wallace was removing Plaintiff

from his cell to the down stairs shower, Plaintiff slipped on the wet floor and

fell.  ECF No. 1 at 5.  Because Plaintiff's hands were cuffed behind his

back, Plaintiff was unable to brace himself and fell down the stairs injuring

his left knee.  *Id.* at 5-6.  There are no allegations suggesting Defendant

intended to harm Plaintiff.  Rather, Plaintiff's allegations reveal that Plaintiff

accidentally slipped and fell.  Plaintiff's assertion that Defendant

"deliberately let go" of Plaintiff to retrieve Plaintiff's cell mate still falls short

of showing a deliberate act to cause Plaintiff harm.  *Id.* at 5.

Those facts do not support a constitutional claim against Defendant

Wallace.  Plaintiff makes much of the fact that he had informed officials that

he had a low bunk pass, but the allegations concerning Plaintiff's fall show

no connection to a low bunk pass.  The Eighth Amendment does not

protect prisoners from accidents such as a "slip and fall."  The United

States Constitution requires prisons not be "inhumane."  Farrow v. West,

320 F.3d 1235, 1242 (11th Cir. 2003) (citing Farmer v. Brennan, 511 U.S.

825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)).  The Eighth

Amendment prohibits cruel and unusual punishment, but it does not

guarantee that a prisoner will never fall down.  As presented, Plaintiff has

not shown that Defendant caused him to fall and the complaint is

insufficient.

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and

that the Order adopting this Report and Recommendation direct the Clerk

of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2016.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>


Case No. 4:16cv185-MW/CAS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:16cv185-MW/CAS